IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN MILLER, individually and on behalf of other similarly situated employees and former employees of Defendant, <br>    Plaintiff(s), <br><br> vs. <br><br> PROMINENCE SECURITY AGENCY, INC., ind. and d/b/a PROMINENCE PRESSURE WASHING & PAINTING, PROMINENCE LIMOUSINE & BODYGUARD SERVICES and PROMINENCE SECURITY AGENCY, <br>    Defendant. | § § § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO: _____ <br>JURY |

_____

**COMPLAINT**
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Glenn Miller, Plaintiff, files this Complaint, individually and on behalf of other similarly situated employees and former employees of Defendant, complaining of Prominence Security Agency, Inc., individually and d/b/a Prominence Pressure Washing & Painting, Prominence Limousine & Bodyguard Services and Prominence Security Agency, and would respectfully show the following:

**PARTIES**

1. Plaintiff, *Glenn Miller* ("Miller"), is an individual residing in Harris County, Texas, who files this lawsuit on his behalf and on behalf of other similarly situated employees and former employees of Defendant who may subsequently opt into this lawsuit.

2. Defendant, *Prominence Security Agency, Inc.*, individually and d/b/a Prominence Pressure Washing & Painting, Prominence Limousine & Bodyguard Services and Prominence

Security Agency, is a Texas domestic for-profit corporation with its principal place of business in Richmond, Fort Bend County, Texas, and who may be served with summons by serving its registered agent, Donald A. Aikens, at 12515 Fondren Road, Suite M, Houston, Harris County, Texas 77035.

### COLLECTIVE ACTION

3. Miller files this complaint on his own behalf and on behalf of other similarly situated employees and former employees of Defendant pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Miller files this complaint on his behalf and on behalf of other security guards and other similar non-exempt employees and former employees of Defendant at any time from March 28, 2005, to the present ("The Relevant Time Period").

### VENUE

4. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district.

### JURISDICTION

5. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq*., as amended.

### STATEMENT OF CAUSES OF ACTION

6. Defendant is an "employer" as to Miller and other potential plaintiffs within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" within the meaning of 29 U.S.C. § 203(r). In working for Defendant, Miller and the other putative plaintiffs were engaged in commerce or the production of goods for commerce and/or they were employed by an enterprise engaged in commerce or the production of goods for commerce.

7.  Miller began working for Defendant in approximately September 2007, as a security guard.  Miller consistently worked more than forty hours per week during his employment, and during such period his primary job duties were those of a non-exempt employee under the FLSA.  However, Defendant did not pay Miller in accordance with the FLSA.  Defendant paid Miller his regular hourly rate of pay for the hours he worked and did not pay him one and one-half times his regular hourly rate of pay for each hour he worked in excess of forty hours in a given workweek as required by the FLSA.  Defendant did not pay Miller at all for this overtime work.

8.  It was Defendant's policy and/or practice to pay its security guards "straight time overtime," but not time and one-half for each hour they worked in excess of forty in a given workweek.  Defendant owes other employees and former employees for overtime under the FLSA for work they performed during this time period.

## VIOLATION OF THE FLSA

9.  Miller would show Defendant is liable to him for unpaid wages and overtime compensation under the FLSA.

10. Defendant's violations of the FLSA were willful.  Defendant knew or showed reckless disregard for whether its conduct was illegal.  There is no reasonable basis for Defendant to believe Miller was exempt under the FLSA or that Defendant's practices were permitted by the FLSA.  Defendant did not act in good faith in failing to pay Miller in accordance with the requirements of the FLSA.

11. Miller seeks, and is entitled to, a recovery of liquidated damages on his claims under the FLSA.

**ATTORNEY'S FEES**

12.   Defendant's refusal to abide by its statutory obligations to Miller has made it necessary for him to employ the undersigned attorney to file this lawsuit.  As such, Miller requests the Court to award a reasonable fee, pursuant to the FLSA, for his attorney's services rendered and to be rendered herein, at the trial court and the court of appeals, as well as expenses and court costs.

**SECTION 216(b) COLLECTIVE ACTION**

13.   As mentioned above, Miller files this complaint on his own behalf and on behalf of other current and former security guards employed by Defendant pursuant to Section 216(b) of the FLSA, who were not paid time and one-half overtime as required by the FLSA for the hours they worked in excess of forty in a workweek.

14. It was Defendant's policy and/or practice to not pay Miller and other security guards for hours worked in excess of forty hours per week at one and one-half times their regular rate. Therefore, there are other similarly situated employees and former employees of Defendant who are owed wages under the FSLA for work they performed during the training period.

15.   Defendant's violations of the FLSA were willful.  Defendant knew or showed reckless disregard for whether its conduct was illegal.  There is no reasonable basis for Defendant to believe these other security guards and non-exempt employees were exempt under the FLSA or that Defendant's practices were permitted by the FLSA.  Defendant did not act in good faith in failing to pay these other employees in accordance with the requirements of the FLSA.

16. Therefore, these other non-exempt employees and formers employees are owed overtime, liquidated damages and attorney's fees, for the same reasons as Miller. These other employees and former employees should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA.

### JURY DEMAND

17. Miller demands a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, Plaintiff prays that Defendant be summoned to appear, that notice be issued to other non-exempt employees and former employees of Defendant, and that on final trial of this matter, Plaintiff be granted relief as follows:

(a)     Judgment declaring that the acts and practices of Defendant described herein violate the FLSA, as amended;

(b)     Judgment declaring that the acts and practices of Defendant described herein constitute a willful violation of the FLSA, as amended;

(c)     Judgment directing Defendant to pay Plaintiff and other plaintiffs who may opt-in this litigation, actual and liquidated damages for violations of the FLSA, as amended;

(d)     Costs of suit and reasonable attorney's fees;

(e)     Prejudgment and post-judgment interest as provided by law; and

(f)     Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

-6-

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.

/s/ G. SCOTT FIDDLER
_____
G. SCOTT FIDDLER
TBA # 06957750
FID # 12508
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel:    281-897-0070
Fax:    713-462-0078

ATTORNEY-IN-CHARGE
FOR PLAINTIFF